# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**CHARISMA RINGO WIFE OF**                         **CIVIL ACTION NO.**
**AND CHRISTOPHER RINGO**
                                                   **23-1412-SDD-EWD**
**VERSUS**

**THE HANOVER INSURANCE COMPANY**

### NOTICE AND ORDER

This is a civil action, filed by Charisma and Christopher Ringo ("Plaintiff") alleging claims

of property damage caused by Hurricane Ida in August 2021.[1]  Plaintiffs claim that Defendant The

Hanover Insurance Company ("Hanover") has failed to adequately compensate them under the an

insurance policy for the damage.[2]  Hanover removed the case to this Court on October 3, 2023,

alleging federal subject matter jurisdiction under 28 U.S.C. 1332.[3]  Regarding the citizenship of

the parties, Plaintiffs are adequately alleged to be Louisiana citizens, and Hanover is adequately

alleged to be a New Hampshire corporation with its principal place of business in Massachusetts.[4]

Thus, based on the allegations, the parties are of diverse citizenship.

However, it is unclear if Plaintiffs' damages are likely to exceed $75,000, exclusive of

interest and costs.  In support of the amount in controversy, the Notice of Removal relies on

Plaintiffs' claims of damage to their property, Hanover's underpayment of their claim, and

Plaintiffs' claims for damages for breach of contract, bad faith, detrimental reliance, diminution of

the value of the property, repair costs, reimbursement for personal repairs at the property, actual

costs related to personal property manipulation, cleaning, repair, and/or replacement, additional

---

[1] R. Doc. 1-1, ¶¶ 7-8.
[2] R. Doc. 1-1, ¶¶ 6, 14-16, 18.
[3] R. Doc. 1, ¶ 6.
[4] R. Doc. 1, ¶ 7, citing R. Doc. 1-1, ¶ 1; R. Doc. 1, ¶ 8.

living expenses, mental anguish, fees, and statutory penalties.[5] Plaintiff's general allegations in the Petition of property damage and demands for general categories of damages (*e.g.*, breach of contract and bad faith, *etc.*) are insufficient to establish the amount in controversy.  "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[6]

While the Notice of Removal does not rely on the applicable policy limits, the Petition alleges the amount of coverage under the applicable insurance policy[7] and refers to damages estimated by Hanover ($12,404) and by Plaintiffs ($28,760.58).[8]  These alleged damages, which would appear to be the amount in controversy, fall far short of the jurisdictional threshold, even if statutory penalties are considered. This is particularly so, considering that the Petition also suggests that some unspecified amounts were tendered by Hanover, which reduces the damages claimed.[9]

---

[5] R. Doc. 1, ¶¶ 3-5, 10-11.

[6] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.

[7] R. Doc. 1-1, ¶ 6 (alleging $241,000 in dwelling coverage and $180,775 in personal property coverage, among others) and

[8] *Id.* at ¶ 12 (alleging Hanover's adjuster documented total damages of $12.404.24), ¶ 17 (alleging Plaintiff provided an estimate of $28,760.58 to repair the roof and additional expenses are anticipated).

[9] R. Doc. 1-1, ¶ 14 ('Defendant tendered funds insufficient….").  *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *3 (M.D. La. Mar. 25, 2009) ("It is the actual value of [the plaintiff's] claimed damages that is relevant to the amount in controversy determination, not his 'potential recovery' based upon the alleged value of the underlying insurance policy.") (citation omitted); *Chapman v. Essex Ins. Co.,* No.:12-520, 2013 WL 12137884, at *5 (E.D. Tex. Apr. 4, 2013) ("The policy itself is unhelpful in this instance because the value of the underlying claim, not the policy limit, determines the amount in controversy.") (citations omitted); and *Jiminez v. Allstate Vehicle & Prop. Ins. Co.,* No. 20-6, 2020 WL 6123136, at *2 (W.D. Tex. Feb. 24, 2020) (denying remand and holding that a demand for covered property damage, plus statutory penalties and attorney's fees was sufficient to establish AIC). A determination of the amount in controversy cannot be made here based solely on information about the policy limits because there is no indication that Plaintiff is demanding full policy limits. Even a pre-removal settlement demand for "policy limits" is insufficient to establish amount in controversy if there is no evidence that the plaintiff was aware of the limits at the time of the demand. *See, e.g., Taylor v. Old Republic Ins. Co.,* No. 21-369, 2022 WL 264887, at *6 (M.D. La. Jan. 6, 2022), report and recommendation adopted, No. 21-00369, 2022 WL 264540 (M.D. La. Jan. 27, 2022) (holding that a settlement demand recommending settlement for an unspecified amount of policy limits was insufficient to establish the amount in controversy, and holding: "A careful reading of the Demand shows (1) that neither Plaintiff nor her counsel knew the limits of the policy at issue when making the 'policy-limits' demand, and (2) that the Demand is not actually a demand for a specific amount in excess of jurisdictional threshold.").

Hanover will be ordered to provide evidence[10] in support of the amount in controversy, including but not limited to, damage estimates and/or adjuster/expert reports reflecting the damages pleaded in the Petition, demands from Plaintiffs, if available, and amounts tendered to Plaintiffs.[11]

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[12]

Accordingly,

**IT IS ORDERED** that, on or before **October 26, 2023,** Defendant The Hanover Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met as set forth in this Order. **Alternatively,** if Hanover does not have sufficient additional evidence to support amount in controversy, it shall file a notice to that effect.

**IT IS FURTHER ORDERED** that, on or before **November 9, 2023,** Plaintiffs Charisma and Christopher Ringo shall file either: (1) a Notice stating that Plaintiffs do not dispute that

---

[10] Arguments of counsel are not evidence. If the amount in controversy is not facially apparent, a removing defendant must submit summary judgment-type evidence to establish amount in controversy by a preponderance of the evidence. *See, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

[11] Hanover if advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied by this Court as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), report and recommendation adopted sub nom., *Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019). As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211.

[12] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Hanover has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[13]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, October 12, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiffs' position on whether Hanover has established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).